Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MCCARTHY                    :
2 Jacalyn Drive                     :
Havertown, PA  19083                :
      and                           :       INJUNCTIVE RELIEF
ROBERT EDDIS                         :       REQUESTED
4300 Rhawn Street                   :
Philadelphia, PA 19136              :
      and                           :
THE RANK AND FILE MEMBERS           :
OF IAM DISTRICT LODGE 19            :
                                    :
         Plaintiffs,                :
      v.                            :       CIVIL ACTION NO.
                                    :       2:19-cv-05727 BMS
INTERNATIONAL ASSOCIATION           :
OF MACHINISTS AND                   :
AEROSPACE WORKERS ("IMA")           :
9000 Machinists Place               :
Upper Marlboro, MD  20772           :
      and                           :
MICHAEL PERRY, PRESIDENT            :
OF IAM DISTRICT LODGE 19            :
6905 Martin Hill Pike               :
Knoxville, Tennessee  37920         :
                                    :
         Defendants.                :


## AMENDED AND SUPPLEMENTAL COMPLAINT
## INJUNCTIVE RELIEF REQUESTED


## Introduction

1.     Plaintiff Michael McCarthy and the plaintiff rank and file members

of District Lodge 19 who voted for McCarthy as General Chairman of District

Lodge 19 (District 19) of the International Association of Machinists and

1

Aerospace Workers ("IAM"), challenge the constructive discharge of McCarthy from his elected office by defendants IAM and  Michael Perry who have cancelled all his assignments, and their further efforts to remove McCarthy formally from his elected office altogether.  In June 2019, McCarthy was elected to a four-year term as one of the thirteen General Chairmen of District Lodge 19 of the IAMAW, which represents the rail employee members of the IAMAW.  As a General Chairman, he has a constitutional responsibility to represent one or more of the members in various Local Lodges of District 19.  The IAM and Perry acted jointly and in secret to carry out the removal of McCarthy from this elected office but did not dare act until McCarthy took office, because of McCarthy's popularity as General Chairman, and the risk that pre-election removal would jeopardize their own chances of re-election.  McCarthy was constructively discharged as an elected officer by removal of any assignments relating to his duties as an elected officer to represent members in some capacity.   Defendants then brought charges against McCarthy under the IAM Constitution which are both untimely and frivolous – the principal charge relating to his supposed negligence in that certain District 19 members signed false affidavits as to the wages owned to them.  McCarthy was not responsible for soliciting the affidavits from these members.  It was the IAM itself through counsel that was negligent in sending the form affidavits via McCarthy to local officers and then from the officers to the members for signature without taking down the statements directly on counsel's own or asking whether the facts set forth were true.   The actual reason for this

pretextual charge – and for others also pretextual – is the desire of defendants Perry and IAM to remove McCarthy as an elected officer because he is an independent person, and as a politically independent General Chairman with his own political base, he is a threat to defendants and a potential opponent and dissenter.  By the actions set forth below, and as set out in Count I, the defendants IAM and Perry  sought to deprive McCarthy of his elected office, nullify his election which has recently occurred, and bar him as a member from running for office again, in violation of  his rights as a member under Title I of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. 411(a)(1) and (2), and to impose an unlawful limitation on his right as a member to run for office in the future in violation of Section 529 of the LMRDA, 29 U.S.C. Section 629.   Furthermore, as set out in Count II, and by the same actions, and by seeking to remove McCarthy once the election was safely over, the defendants have denied the plaintiffs Eddis and the rank and file union members their right to have officers of their own choosing and of their equal right to nominate and vote for a General Chairman who may oppose as well as support defendant Perry. By depriving McCarthy of his elected position, the defendants are also seeking to deprive members of their right to speak and express opposition to defendant Perry through elected officers who will represent their views, in violation of their rights under 29 U.S.C. Sections 411(a)(1) and (a)(2). Finally, by seeking to remove McCarthy, the defendant IAM has effectively limited the autonomy of District 19 for that purpose, in violation of Title III of the LMRDA, 29 U.S.C. Section 462, by

removing an elected officer of District 19 and by limiting the right of members of District 19 to have officers of their own choosing, contrary to the autonomy that District 19 should have as a labor organization. Defendants have now gone forward with internal union proceedings on the charges filed against McCarthy, which resulted in an adverse outcome.  He has been terminated from his position and is being prevented from holding union office for five years.  (The decision is on appeal.)  Plaintiffs seek injunctive relief against IAM and defendant Perry for the discharge of McCarthy, McCarthy, Eddis, and the plaintiff members are suffering irreparable injury from the loss of the rights of McCarthy and his fellow members to have officers of their own choosing. Title I of the LMRDA, 29 U.S.C. 412 and Title III of the LMRDA, 29 U.S.C. 464 expressly authorize injunctions to remedy the loss of voting and free speech rights and to stop anti-democratic practices.   McCarthy further seeks damages to compensate him for the lost earnings occasioned by the termination of his employment.

2.      This Court has federal question jurisdiction under 28 U.S.C. Section 1331, and 29 U.S.C. 412 and 464, in that Plaintiffs' claims arise under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Sections 411, 412, and 462

3.      Venue is appropriate in this judicial district because McCarthy resides in this judicial district, because many members of District 19 reside in this judicial district, and because the sham hearings of the trial committee appointed to hear the charges against McCarthy took place within this judicial district.

Parties

4.      Until his recent termination, Plaintiff Michael McCarthy ("McCarthy") was both an employee and a member of the IAM. He was one of 13 General Chairmen of IAM's District 19   He lives at 2 Jacalyn Dr., Havertown, PA, 19083.

5.      Plaintiff Robert Eddis ("Eddis") is a member of the IAM and of IAM District 19.  He lives at 4300 Rhawn Street, Philadelphia PA 19136

6.      Defendant International Association of Machinists and Aerospace Workers ("IAM") is a labor organization with over 500,000 members, many of whom live or work in this judicial district. Its principal office is located at 9000 Machinists Place, Upper Marlboro, Maryland, 20772.

7.      Defendant Michael Perry ("Perry") is the President of District Lodge 19 of the IAM.  His office is located at 6905 Martin Hill Pike, Knoxville, Tennessee, 37920.

Facts Giving Rise to Causes of Action

8.      Members of IAM District Lodge 19 ("District 19") work on the maintenance and repair of locomotives, commuter car manufacturing, and other associated railroad industry equipment for railroads in America.

9.      District 19 has a president and 13 general chairmen.  The general chairmen are individually elected for four-year terms.  They report to the District 19 president.

10.     The general chairmen of District 19 are assigned to represent members not in specific geographic territories but by company, as railroad companies operate nationally without regard to specific territories. That representation includes the negotiation and administration of the members' agreements with those railroad companies.

11.     Plaintiff McCarthy served as a General Chairman of District 19 from 2012 until his termination on March 24, 2020. He was appointed to that position in 2012.  He was elected in 2015 and again in June of 2019.

12.     As General Chairman, McCarthy represented the members in such assignments as the President of the District gave him.

13.     While able to make some changes to McCarthy's assignments, the President of District 19 may not unilaterally or on his own initiative constructively discharge McCarthy by removing him from any and all representation of the membership which elected him for that purpose.

14.     In 2016, defendant IAM sought to remove District 19's president at the time, Jeff Doerr.

15.      Defendant IAM pressured the 13 General Chairmen, including McCarthy, to sign a petition to remove Doerr.

16.     McCarthy was one of two General Chairmen who refused to sign initially, though McCarthy eventually offered to sign.

17.     McCarthy was told that he was no longer welcome to sign, since he had not promptly done what the defendant IAM wanted.

18.     The only other General Chairman who refused to sign, Lisa Carter, was effectively deprived of her chances to be reelected to her position in the next election, by being denied a position on the official District 19 slate.

19.     Defendants now regarded McCarthy with suspicion as one of the few General Chairmen who was not subservient to the political agenda of the defendants and as a threat to their control over District 19 matters.

20.     McCarthy was a more aggressive and confrontational General Chairman than Perry or the IAM leadership, and is disliked by defendants for that reason.

21.     McCarthy also traveled the country extensively as the sole representative of Amtrak, as well as other lines, including Conrail, Kansas City Southern, and TASI.

22.     In doing so, McCarthy established a national political base that makes him a potential threat to defendants.

23.     In the election following defendants' campaign to remove Doerr, i.e. the upcoming June 2019 election, defendants kept Lisa Carter off of the official District 19 slate.  But they could not take that risk with McCarthy because of his popularity with the membership.  Despite McCarthy's independence, and despite the fact that defendants saw McCarthy as a threat, defendants needed McCarthy on the official slate in order to win the election.

24.     Once the election was over, and the official slate prevailed in part because of McCarthy's popularity, defendant Perry was ready to get rid of

McCarthy. Defendants immediately collected stale and pretextual excuses to bring McCarthy up on charges and remove him.

25.     The 2019 election for District 19 took place on June 14, 2019. McCarthy won the election as General Chairman for his assigned railroads by an overwhelming majority.  Plaintiff Eddis was among those who voted for McCarthy.

26.     One month after the June 2019 election, on July 18, 2019, Perry removed McCarthy from representing members in the Amtrak Wilmington shops.  He instead assigned himself to take over that role.  Not until two months later did he assign another individual to handle the Amtrak Wilmington shops.

27.     On October 1, 2019, with the election being officially certified, McCarthy took office.

28.     On October 2, 2019, one day after McCarthy took office, Perry summoned McCarthy to the District 19 headquarters in Tennessee for a meeting on October 7, 2019.  At the October 7 meeting. an officer read charges from a script prepared by IAM, but refused to give McCarthy a copy.  The District 19 officers offered McCarthy either six months' pay and a resignation agreement, or expedited charges under Article L of the IAM Constitution.

29.     On October 11, 2019, McCarthy rejected District 19's offer of six months' pay and a resignation agreement.  Defendants then pressed forward with expedited charges against McCarthy.

30.     On October 11, 2019, even before the charges were submitted to the IAM, Perry wrote a letter to McCarthy relieving him of every one of his present assignments as General Chairman.

31.     On October 14, 2019, Defendant Perry submitted his charges to District 19 in writing. (However, District 19 did not provide McCarthy with a copy of the charges until November 19, 2019.) Defendant Perry's letter of written charges is attached to this complaint as Exhibit A.

32.     The charges were stale and untimely.  Article L of the IAM Constitution states in Section 4 that:

> "A charge of misconduct may be made against any officer...by any member in writing within 30 days after knowledge of the most recent charged incident ..."

33.     None of the charges was made within 30 days after knowledge of the most recent charged incident.  One charge concerned events that had transpired almost four years prior to the October 14 charges (K&O contract). One charge concerned events that had transpired sixteen months prior to the October 14 charges (Local Lodge 1343 grievance, of which Perry learned on September 4, 2019).  One charge involved events during the year 2018, ending ten months prior to the October 14 charges (*per diem* expenses).  One charge concerned events that transpired over the course of roughly one year and that concluded three months prior to the October 14 charges (Wilmington Shops wage dispute).  One charge involved events that transpired at least three months prior to the

October 14 charges (alleged failure to inform members of the National Freight

Agreement survey).

34.     Only one statement in the charges concerned an event that occurred

within 30 days of October 14 – McCarthy's October 2, 2019 attendance at a

lunchtime retirement party for an old friend from a railroad Lodge from which he

had been removed as the General Chairman in July of 2o19.   This attendance did

not constitute improper conduct for purposes of Article L.  It was included in

Perry's Article L charges for the sole purpose of meeting Article L's requirement

that at least one charged incident must have occurred with 30 days of the written

charges.

35.     The charges were without merit and related to matters that were not

the fault or responsibility of McCarthy, in particular relating to an arbitration

hearing being prepared for and handled by the IAM at Wilmington Yards.

36.      IAM contended that McCarthy was solely responsible for the fact

that certain members of the Wilmington Yards in Delaware had signed affidavits

that falsely averred that they had been hired by Amtrak at a higher wage than

they actually received.

37.     However, McCarthy did not prepare the affidavits, suggest the idea

of the affidavits, or talk to the members or any other members who received the

affidavits which were prepared in fact by the IAM and its counsel.

38.     Nor did McCarthy have any direct responsibility for preparing for and conducting the arbitration, which was being handled by the IAM's own counsel in Washington D.C.

39.     The IAM counsel in Washington, D.C. on her own initiative had drafted the affidavits and told McCarthy to transmit them to the local officers for signature.  Counsel negligently failed in her own responsibility as the lawyer drafting the affidavits to talk to any of the affiants.

40.     Other charges are equally pretextual – including, preposterously, Perry's claim that McCarthy allegedly engaged in misconduct by insisting that his members have a right to representation in disciplinary interviews.

41.     Such pretextual charges as a basis for his removal from elected office show the bad faith of defendants and the pointlessness of expecting defendants to cease from carrying out the removal of McCarthy.

42.     Furthermore, at all times the IAM allowed the election of McCarthy to occur and purported to endorse his candidacy to the members while concealing from the members the plan to remove him as soon as the election was out of the way.

43.      As a result of Perry's October 11, 2019 letter, in which Perry removed McCarthy from all assignments, McCarthy became an officer in name only and was constructively discharged by preventing him from performing any and all representation of the members who elected him for that purpose.   Perry's

October 11, 2019 letter that constructively discharged him as an officer is attached to this Complaint as Exhibit B.

44.     Defendant Perry sought not just to remove McCarthy from his elected position, but to eliminate his right as a member to run for office again for the next five year, which would cause him to lose his job with the IAM, and be unemployed with the IAM for at least five years.

45.     Defendants also sought to prevent the members themselves from returning McCarthy as an independent General Chairman even at the end of the current four-year term of Perry and others.

46.     On November 27, 2019, Robert Martinez, the International President of the IAM ("Martinez"), wrote to McCarthy to inform him of the date of his trial and of five charges against him.  All five charges were listed under the category of "conduct unbecoming a representative", a category that is not included in the definition of misconduct under Article L.  A copy of Martinez's November 27, 2019 letter is attached to this complaint as Exhibit C.

47.     Martinez's letter, which purports to have been sent by overnight mail on the day before Thanksgiving, told McCarthy that the hearing on the charges would be conducted at 10:00 a.m. on Tuesday, December 10, 2019.

48.     Assuming that McCarthy received Martinez's letter on November 29, 2019, the letter gave him only 11 days, including Thanksgiving weekend, to prepare for his Article L hearing.

49.     Article L of the IAM Constitution states that

> "A trial before the special trial committee shall be
> conducted… within 30 days after the mailing of [notice of
> the date of the trial], provided, however, that all parties
> shall be provided sufficient time to prepare their cases."

50.     The 11-day time allotment was unreasonably short, and manifestly did not provide McCarthy with sufficient time to prepare his case.  By contrast, Perry had written his charges by October 7, 2019, at the time that an officer read the charges to McCarthy in Tennessee.  Accordingly, defendants will have had two months to prepare for the trial now scheduled for December 10, 2019, whereas McCarthy will have had only 11 days.  Martinez's letter was issued in a patently bad faith effort to undermine, if not eliminate, McCarthy's ability to prepare for the Article L hearing.

51.     Defendant IAM maintains an internal website for its members called VLODGE.  It is supposed to be accessible to all IAM members. On December 4, 2019, McCarthy attempted to access VLODGE, but his access was denied.  He received the message that his authorization to access the site had been cancelled. Again, McCarthy was constructively discharged from his position as General Chairman, and even from his membership in the IAM.

52.     The IAM conducted its Article L hearing in McCarthy's case on February 11, 2020.  The evidence presented was substantially similar to the evidence laid out in the charges.  McCarthy refuted every charge.

53.     The Special Trial Committee issued its Final Report on March 1, 2020.  In its Final Report, the Special Trial Committee found McCarthy "guilty"

on four of the five charges brought against him, and issued a sentence recommending that McCarthy immediately be removed from office and be disqualified from holding any office in the IAM for a period of five years from the date of the decision.

54.     On March 16, 2020, the International President of the IAM affirmed the recommendation of the Special Trial Committee.

55.     McCarthy filed a timely appeal from the International President's March 16, 2020 decision affirming the recommendation of the Special Trial Committee.

56.     McCarthy's ultimate appeal cannot be heard until the IAM's next Grand Lodge meeting, which is currently scheduled for August of 2021.

<u>COUNT I</u>

**McCarthy, the Members of District 19 Who Voted for McCarthy, and Eddis vs. Perry and the IAM**

<u>Violation of McCarthy's LMRDA Title I Rights.</u>

57.     Plaintiff incorporates paragraphs 1 through 56 above as if fully set forth in this paragraph.

58.     Under the IAM Constitution, Perry does not have the authority to remove McCarthy from all of his assignments as General Chairman.

59.      Neither defendant Perry nor the IAM has any authority under the IAM Constitution or 29 U.S.C. Sections 411(a)(1) and (a)(2) and 529 of the

LMRDA to engage in a constructive or actual discharge of an elected General Chairman of District Lodge 19, or to remove an elected General Chairman altogether or interfere with the performance of the duties which he or she was elected to perform, because of his speech or political activities or potential political rivalry with defendants.

60.     By the acts set forth above, and through or by means of  the internal union proceedings described in paragraphs 52-55 above,  and in violation of McCarthy's own equal right to vote under 29 U.S.C. 411(a)(1),  the defendants have deprived McCarthy of his own right as a member to nominate and elect himself and to have representation that is independent of and not subservient to the political interests of defendant Perry and defendant IAM and persons regarded by them as part of their political "team."

61.     In addition, for the same unlawful reasons and purpose, and in violation of 29 U.S.C. 411(a)(2), defendants sought to and did deprive McCarthy of his elected office and barred him as a member from seeking office again.

62.     By the acts set forth above,  and in violation of McCarthy's own right to express views and to associate or not associate with defendants Perry and the IAM in pursuit of their political interests, and in violation of 29 U.S.C. 411(a)(2), defendants have violated McCarthy's right to associate or not associate with defendant Perry and defendant IAM and its officers in pursuit of their political interests.

15

63.     None of these actions serves any lawful or legitimate purpose of a labor organization or its reasonable regulations within the meaning of the provisos of 29 U.S.C. 411(a)(1) and (a)(2).

64.     There is no charge even facially that McCarthy mishandled money or property of the IAM.

65.     There is no charge even facially that McCarthy violated the right of any member or failed to represent any specific member.

66.     There is no charge even facially that McCarthy violated any provision of the IAM Constitution or allege anything other than negligence.  That negligence is attributable instead to the IAM and its legal counsel and is being attributed to McCarthy as a pretext for his removal for political reasons.

67.     Defendants never disciplined McCarthy for any of the incidents described in the charges.

68.     McCarthy has standing to, and does, assert not only his own rights to nominate, vote, and speak under 29 U.S.C. 411(a)(1) and (a)(2) but those of the members, including Plaintiff Eddis, who elected him to protect and safeguard their own statutory rights to have the equal right to vote for, associate with, and speak through officers of their own choosing,

69.     Other than the pending final level of appeal, Plaintiff McCarthy has no available union remedies to reassume his assignments as a General Chairman.

WHEREFORE, plaintiffs pray that the Court:

a)      Order defendants to restore McCarthy's General Chairman assignments as they existed on October 10, 2019;

b)      Invalidate and reverse the adverse decision of the IAM against McCarthy;

c)      Order defendants to reinstate McCarthy to his office as Vice President and General Chairman in District 19;

d)      Order defendants to reinstate McCarthy to his employment with the IAM;

e)      Award Plaintiffs their costs and reasonable attorneys fees; and

f)      Award such other relief as the Court deems appropriate.

## Count II

### The Members of District 19 Who Voted for McCarthy, and Eddis vs. Perry and the IAM

### Violation of Members' LMRDA Title I Rights

70.    Plaintiffs incorporate paragraphs 1 through 69 above as if fully set forth in this paragraph.

71.    Plaintiffs are members of IAM and part of District 19, as set forth above. All of these plaintiffs voted for and supported McCarthy's candidacy in the June 2019 election.

72.    By the acts set forth above, and in violation of Title I of the LMRDA, 29 U.S.C. 411(a)(1), the defendants seek to nullify plaintiffs' equal right to

nominate and vote for candidates like McCarthy who as General Chairmen may be independent of or not subservient to defendant Perry and defendant IAM, and to not be limited to voting only for candidates of whom the defendants approve.

73.     By the acts set forth above, and in violation of 29 U.S.C. 411(a)(1), and by constructively discharging McCarthy from office and preventing him from carrying out the representation of members altogether and then proceeding to remove him from elected office formally, defendants are seeking to deprive such plaintiffs of their equal right under 29 U.S.C. 411(a)(1) to have the equal right to vote and to have officers of their own choosing, without restriction by the defendants.

74.     By these same acts as set forth above, and by concealing a plan to remove McCarthy from office as soon as he had been elected, and keeping plaintiffs and other members unaware that the vote they cast would in effect be futile, the defendants have deprived the plaintiffs of their right to an equal vote, including an informed equal right to vote in violation of 29 U.S.C. 411(a)(1).

75.     By the acts set forth above, and in violation of 29 U.S.C. 411(a)(2), the defendants seek to deprive such plaintiffs and intimidate and discourage such plaintiffs from associating with and supporting candidates like McCarthy and otherwise exercising their rights to speak and associate and engage in political activities that support politically independent candidates.

76.     As set forth above, the defendants have no legitimate basis under the IAM Constitution to strip McCarthy of all of his assignments as General

Chairman for political reasons, or to remove McCarthy from office and bar him as a member from holding office again.

77.     Plaintiffs have no available remedies as rank and file voters to have McCarthy reassigned to his position as their General Chairman, and such result will have a chilling effect on the rights of plaintiffs and other members not present before this Court to engage in future political speech and action that may displease defendant Perry and the IAM.

WHEREFORE, plaintiffs pray that the Court:

a)     Order defendants to restore McCarthy's General Chairman assignments as they existed on October 10, 2019;

b)     Invalidate and reverse any adverse decision of the IAM against McCarthy;

c)     Order defendants to reinstate McCarthy to his office as Vice President and General Chairman in District 19;

d)     Order defendants to reinstate McCarthy to his employment with the IAM;

e)     Award Plaintiffs their costs and reasonable attorneys fees; and

f)     Award such other relief as the Court deems appropriate.

## Count III

### McCarthy, the Members of District 19 Who Voted for McCarthy, and Eddis vs. Perry and the IAM

### Violation of Plaintiffs' Rights Under Section 302 of the LMRA

78.     Plaintiffs incorporate paragraphs 1 through 77 above as if fully set forth in this paragraph.

79.     By the acts set forth above, and by intervening to remove an elected officer of District 19 without cause and for political and anti-democratic reasons, the defendant IAM as parent organization of District 19 has limited the autonomy of District 19 as a labor organization, in bad faith and for political reprisal against plaintiff McCarthy and the members who elected him, in violation of Section 302 of the LMRA, 29 U.S.C. 462,

80.     Under 29 U.S.C. 464, at the behest of any affected plaintiff in this action, this Court may enjoin a trusteeship or any other action of a parent organization that limits the autonomy and right of self-government of a subordinate labor organization like District 19, when such trusteeship or limitation is in bad faith, and not in conformance with the IAM Constitution, or for a purpose that is independently illegal under Title I of the LMRDA.

WHEREFORE, plaintiffs pray that the Court:

a)     Order defendants to restore McCarthy's General Chairman assignments as they existed on October 10, 2019;

b)      Invalidate and reverse any adverse decision of the IAM against McCarthy;

c)      Order defendants to reinstate McCarthy to his office as Vice President and General Chairman in District 19;

d)      Order defendants to reinstate McCarthy to his employment with the IAM.

g)      Award Plaintiff McCarthy damages for lost earnings and benefits;

h)      Award Plaintiffs their costs and reasonable attorneys fees; and

i)      Award such other relief as the Court deems appropriate.

## COUNT IV

**McCarthy, the Members of District 19 Who Voted for McCarthy, and Eddis vs. Perry and the IAM**

<u>Violation of Plaintiffs' Rights Under the IAM Constitution</u>

81.     Plaintiffs incorporate paragraphs 1 through 80 above as if fully set forth in this paragraph.

82.     Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. 185, the IAM Constitution is an enforceable contract between the IAM and its members.

83.     The IAM has only such authority as is conferred by the IAM Constitution.

84.     The IAM Constitution gives no authority to the President of District 19 to strip McCarthy of all of his General Chairman assignments, nor does it give any authority to President of IAM  to conduct a trial and to remove an elected officer and bar such officer from further candidacy for the pretextual and false and contrived reasons set forth in defendant Perry's charges of October 14, 2019 (Exhibit A), and Martinez's letter of November 27. 2019 (Exhibit C).

85.      The charges on which the IAM  has conducted such hearing, even if true or with merit – and they are neither – do not justify the removal of an officer of District 19 and the banishment from future office, as there is no misuse of money or property, no serious misconduct, and nothing that could constitute a reasonable claim of just cause for so extreme a sanction under the definition of Misconduct under Article L.

86.     By such acts, the defendant IAM seeks to deprive plaintiff McCarthy and the other plaintiff IAM members of their right to nominate and vote under the IAM Constitution and to engage in legitimate political activity without reprisal.

87.     Plaintiff McCarthy and the other plaintiff IAM members have suffered and will continue to suffer the loss of McCarthy's representation and their own respective rights to nominate and elect officers who are not removed arbitrarily and for political and discriminatory reasons because of political views that displease the defendant IAM.

WHEREFORE, plaintiffs pray that the Court:

a)    Order defendants to restore McCarthy's General Chairman assignments as they existed on October 10, 2019;

b)    Invalidate and reverse any adverse decision of the IAM against McCarthy;

c)    Order defendants to reinstate McCarthy to his office as Vice President and General Chairman in District 19;

d)    Order defendants to reinstate McCarthy to his employment with the IAM;

e)    Award Plaintiff McCarthy damages for lost earnings and benefits;

f)    Award Plaintiffs their costs and reasonable attorneys fees; and

g)    Award such other relief as the Court deems appropriate.

Keller & Goggin P.C.                        Law Office of Alice W. Ballard, P.C.

By: _____        By: ____/s/  Alice W. Ballard_____
    1528 Walnut Street, Suite 900            123 S. Broad Street, Suite 2135
    Philadelphia, PA 19102                   Philadelphia, PA 19109
    215.735.8780                             215.893.9708
    Rgoggin@keller-goggin.com                awballard@awballard.com
    Attorney ID # 61779                      Attorney ID # 20633
    Attorney for Plaintiffs                  Attorney for Plaintiffs

Dated:  September 28, 2020